**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| RFX, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case. No.  2:26-cv-612 |
| | : | |
| VI-JON, LLC | : | **COMPLAINT** |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

Plaintiff RFX, LLC ("RFX" or "Plaintiff"), by and through counsel, files the within

Complaint against Vi-Jon, LLC ("Vi-Jon" or "Defendant") (collectively the "Parties"), and avers

as follows:

## NATURE OF CLAIM

1.      RFX brings this action to recover from Defendant amounts due and owing for

unpaid transportation services provided by Plaintiff at Defendant's request pursuant to a contract

between them.

## PARTIES

2.      Plaintiff is a Pennsylvania corporation with a principal business address of 100

Commerce Drive, Pittsburgh, PA.

3.      Plaintiff RFX, LLC is wholly owned by R&R Express Holdco, Inc., which is a

Pennsylvania corporation with a principal place of business in Pennsylvania.

1

4.      Defendant Vi-Jon is a Delaware limited liability corporation with its principal place of business located at 8800 Page Ave., St. Louis, Missouri 63114. Upon information and belief, Defendant is composed of a sole member, Emprise HPC, LLC, a Delaware limited liability company, which is wholly owned by Emprise Group, Inc., a Delaware company with its principal place of business in Missouri.

**JURISDICTION AND VENUE**

5.      The subject matter jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that, among other things, the Plaintiff is located here, Defendant regularly conducts business here, and the contract which is the subject matter of this dispute was formed in this venue.

**BACKGROUND**

7.      Plaintiff is a licensed transportation brokerage company that provides certain transportation related services (the "Transportation Services") on behalf of various shippers, including the Defendant.

8.      In or about September of 2023, Defendant requested, and RFX agreed, to provide Transportation Services at RFX's standard pricing to be invoiced and paid in sixty (60) days (the "Contract").

9.      Commencing immediately thereafter, the Parties engaged in course of dealing and course of performance where, at Defendant's request, RFX arranged for the pick-up and delivery of the Defendant's goods/freight and delivery of said items to the destinations designated by Defendant.

10.     Pursuant to the Contract and as part of the course of dealing and course of performance, bills of lading (the "Bills of Lading") were issued to Defendant at the time of shipment for each load Plaintiff arranged for the delivery of, including the Unpaid Loads (defined below). The Bills of Lading create binding legal obligations on the Defendant to pay for the Transportation Services independent of, but consistent with, the Contract.

11.     Upon the successful delivery of a load, RFX routinely submitted an invoice to the Defendant for the amounts due and owing from Defendant to RFX for the Transportation Services. (the "Invoices").

12.     In accordance with the course of performance and course of dealing of the parties, payment on each Invoice was due in sixty (60) days. Copies of the Invoices with the Bills of Lading attached are voluminous and therefore not attached to the Complaint. This documentation is readily available electronically for submission to the Court and in discovery.

13.     From September 2023, Defendant paid the invoices substantially in accordance with the Contract.

14.     Over the course of their business relationship, Plaintiff brokered over one thousand (1,000) loads of freight on Defendant's behalf for which Defendant paid approximately $2,494,218 of the $2,597,710 invoiced.

15.     Commencing with invoicing dated in November of 2025 and continuing thereafter, and despite RFX's repeated requests and demands for payment, the Defendant has failed and refused to pay some or all of the amounts due and owing on each corresponding Invoice (the "Unpaid Loads"). Attached hereto as **Exhibit A** is a detailed list of the Unpaid Loads.

16.    The total amount due and owing from Vi-Jon to RFX for the Unpaid Loads is One Hundred One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56), exclusive of interest, with additional amounts to become due as the invoicing ages.

## COUNT I
## BREACH OF CONTRACT

17.    RFX incorporates by reference the allegations contained in all of the foregoing paragraphs.

18.    The Contract constitutes a valid and binding contract between the Parties.

19.    RFX has substantially and materially complied with all terms and conditions of the Contract by arranging for the Transportation Services.

20.    Defendant breached the Contract by failing and refusing, and continuing to fail and to refuse, to pay for Plaintiff's Transportation Services.

21.    As a direct and proximate result of the Defendant's breach, RFX has suffered damages in the amount of One Hundred One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56), exclusive of interest, with additional amounts to become due as the invoicing ages.

## COUNT II
## UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)

22.    RFX incorporates by reference the allegations contained in all of the foregoing paragraphs.

23.    RFX conferred benefit upon Defendant by arranging and coordinating Transportation Services.

24.    Defendant knowingly accepted and benefitted from RFX providing the Transportation Services and successfully delivering Defendant's goods and freight.

25.     It would be inequitable for Defendant to reap the benefits of RFX's services without paying for them.

26.     Defendant was unjustly enriched in the amount of One Hundred One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56), exclusive of interest, with additional damages to accrue due as the invoicing ages.

**COUNT III**
**QUANTUM MERUIT (PLEADED IN THE ALTERNATIVE)**

27.     RFX incorporates by reference the allegations contained in all of the foregoing paragraphs.

28.     Defendant requested RFX to provide the Transportation Services.

29.     RFX provided the Transportation Services.

30.     RFX expected to be compensated for those Transportation Services, and Defendant knew and acknowledged that RFX expected to be paid for the Transportation Services.

31.     The fair value of the Transportation Services is as stated in the Invoices, which is One Hundred One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56), exclusive of interest, with additional fair value of services to accrue as the invoicing ages.

**COUNT IV**
**ACCOUNT STATED**

32.     RFX incorporates by reference the allegations contained in all of the foregoing paragraphs.

33.     RFX rendered Invoices to Defendant for Transportation Services performed.

34.     Defendant received and accepted the invoices without objection within a reasonable time.

5

35.     An account was stated between the parties in the amount of One Hundred One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56), exclusive of interest, with additional amounts to become due as the invoicing ages, exclusive of interest, with the stated account to continue to accrue as the invoicing ages.

36.     Defendant has failed to pay the balance due.


[Remainder of Page Intentionally Blank]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks the following relief:

1.      Damages in the amount to be determined at trial, but not less than One Hundred

One Thousand Six Hundred Six Dollars and Fifty-Six Cents ($101,606.56);

2.      An award of pre-judgment and post-judgment interest; and,

3.      Grant of such other relief as the Court deems just and proper.


/s/ Ronald W. Crouch
Ronald W. Crouch, Esquire
Pa. I.D. No. 35155
RAINES FELDMAN LITTRELL LLP
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
T: 412-899-6497
F: 412-593-5185
rcrouch@raineslaw.com

Attorney for Plaintiff

Date:   April 9, 2026

7